UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHIH-SIANG SHAWN LIAO,

                Petitioner,

     -against-                                     9:13-CV-0966 (LEK)

ANDREA W. EVANS, *et al.*,

                Respondents.

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Shih-Siang Shawn Liao ("Petitioner") is currently confined in a New York State prison, as a result of his March 1, 2010, judgment of conviction in Queens County Supreme Court, upon his guilty plea to second degree grand larceny. The Appellate Division, Third Department affirmed his conviction on February 13, 2013, and on July 30, 2013, the New York Court of Appeals denied leave to appeal. People v. Shih-Siang Shawn Liao, 959 N.Y.S.2d 447 (App. Div. 2013), lv. denied 994 N.E.2d 395 (N.Y. 2013).

On August 12, 2013, Petitioner filed this Petition for a writ of habeas corpus in which he challenges a June 26, 2012, New York State Parole Board decision denying his application for merit time release to parole supervision. Dkt. Nos. 1 ("Petition"); 1-1 ("Petitioner's Memorandum"); 1-2; 1-3.[1]

---

[1] Petitioner originally filed his Petition pursuant to 28 U.S.C. § 2241. Pet. On September 9, 2013, the Petition was converted into one brought pursuant to 28 U.S.C. § 2254 upon Petitioner's consent. Dkt. Nos. 6; 7. Petitioner does not challenge his underlying conviction or sentence in this action.

Presently before the Court is Respondents' Motion to dismiss the Petition without prejudice because Petitioner failed to exhaust available state court remedies. Dkt. Nos. 11 ("Motion"); 11-1 ("Respondents' Memorandum"); 11-2 ("Respondents' Declaration"); 11-3 and 11-4 (collectively, "Appendix"). Petitioner opposes the Motion. Dkt. No. 24 ("Petitioner's Declaration"). Respondents have filed a Reply. Dkt. No. 26 ("Reply"). The Court also previously reserved decision on Respondents' alternative request to stay the Petition. See Dkt. Nos. 9 ("Respondents' Letter"); 10.

For the reasons that follow, Respondents' Motion to dismiss is granted, the alternative request to stay the Petition is denied, and the Petition is dismissed without prejudice.

## II. BACKGROUND

### A. Parole Board and State Court Proceedings

On May 23, 2012, Petitioner was interviewed by a correctional facility parole officer in preparation for his June 26, 2012, merit-based parole hearing. Pet. at 5. Petitioner states that his Inmate Status Report indicated that the guideline range for his offense was fourteen to twenty four months, and he had already served thirty months of his sentence. Id. He further states that a COMPAS ReEntry Assessment scored him in the category of applicants "most likely to succeed upon reentry into the community." Id.; Dkt. No. 1-3, Ex. E ("Inmate Status Report"); Ex. F ("COMPAS ReEntry Risk Assessment").

On June 26, 2012, Petitioner appeared before the parole board for an interview on his application for merit time release. Dkt. No. 11-3 ("State Court Record") at SR-199 to SR-205.[2]

---

[2] "SR" refers to the corresponding page of Petitioner's State Court Record, which was filed on December 9, 2013.

2

The parole board issued a decision denying parole and ordering Petitioner held for his initial appearance for parole release consideration. Id. at SR-045. The parole board noted Petitioner's institutional record and release factors, and stated that it "considered" the "[r]equired statutory factors," including Petitioner's "risk to the community, rehabilitation efforts, and [his] needs for successful reintegration into the community." Id. But the parole board expressed concern for Petitioner's "lengthy history of unlawful conduct, including while on parole supervision," and concluded that there was a "reasonable probability that [he] would not live and remain at liberty without violating the law" and that Petitioner's release was "incompatible with the welfare and safety of the community." Id.

Petitioner administratively appealed the parole board's decision. SCR at SR-212. On October 31, 2012, counsel perfected Petitioner's appeal by filing a brief and appendix with the Division of Parole Appeals Unit. Id. at SR-214 to SR-274.

While his appeal was pending, Petitioner appeared before the parole board on November 27, 2012, for an interview on an application for release based upon Petitioner's completion of his minimum sentence. SCR at SR-280 to SR-289. On December 3, 2012, the parole board issued a decision denying parole and ordering a twenty-four-month hold before Petitioner's next parole release consideration. Id. at SR-291.

Based on Petitioner's reappearance before the parole board, the Appeals Unit dismissed Petitioner's administrative appeal from the denial of his June 26, 2012, parole application as moot. SCR at SR-276.

On March 8, 2013, Petitioner filed an Article 78 petition in the St. Lawrence County Supreme Court challenging the June 26, 2012, parole board decision. SCR at SR-001 to SR-147.

3

On March 26, 2013, the court issued an order to show cause. Id. at SR-148 to SR-149. Respondent Andrea Evans moved to dismiss the Article 78 petition, arguing that Petitioner's challenge to the June 26, 2012, parole board decision was mooted by his reappearance before the parole board on November 27, 2012. SCR; Dkt. No. 11-4 ("SCR-II")[3] at SR-152 to SR-422. Petitioner filed an Affidavit opposing Respondent's motion, and Respondent filed a reply. SCR-II at SR-423 to SR-473; SR-474 to SR-479.

On July 29, 2013, the St. Lawrence County Supreme Court granted Respondent's motion to dismiss the Article 78 petition as moot. SCR-II at SR-483 to SR-486. On August 1, 2013, Petitioner filed a notice of appeal. Id. at SR-570, SR-579 to SR-581. To date, Petitioner has not perfected his appeal.

On August 11, 2013, Petitioner filed a Motion to renew his Article 78 petition in the St. Lawrence County Supreme Court, in which he asked the court to reconsider its July 29, 2013, decision. SCR-II at SR-488 to SR-544. Respondents opposed the motion, and Petitioner filed a reply. Id. at SR-547 to SR-572; SR-573 to SR-578. On December 31, 2013, Petitioner's motion to renew was denied. Dkt. No. 26-1, Ex. A.

**B. The Petition and Proceedings in Federal Court**

In his habeas Petition, Petitioner claims that he was denied parole on June 26, 2012, based "almost exclusively" on the nature of his crime, and that the parole board failed to comply with New York Executive Law § 259-c(4). Pet. at 5-6. Specifically, Petitioner argues that: 2011 amendments to Executive Law § 259-c(4) created a "protectable liberty interest in being released on parole"; he

---

[3] "SCR-II" refers to the continuation of the same State Court Record referred to herein as "SCR." Because they are docketed separately, they have been given distinct designations for purposes of this Decision and Order.

4

had a due process right to "a process of decision-making, which comports with the statutory guidelines of consideration to all relevant statutory factors, including that of Executive Law § 259-c(4)"; and his challenge to the June 26, 2012, parole decision is not rendered moot by his later parole board hearing on November 27, 2012, because the issues he raises are "capable of repetition, yet evading review." Pet. at 2-7; Pl. Mem. at 1-5. Petitioner asks that the Court issue the following: a "declaratory judgment stating that the acts and omissions described" in his Petition violate his state and federal constitutional rights; an injunction ordering Respondents to "annul the June 26, 2012" parole board decision; or an injunction ordering Petitioner's release or a *de novo* parole hearing. Pet. at 8.

On November 12, 2013, Respondents requested permission to file a motion to dismiss the petition because Petitioner's claims remained unexhausted. Dkt. No. 9. In the alternative, Respondents moved to stay the Petition pending exhaustion. Id.

On November 15, 2013, the Court granted Respondents permission to file a motion to dismiss the Petition, and reserved decision on Respondents' alternate request to stay the Petition. Dkt. No. 10. Respondents filed the Motion to dismiss on December 9, 2013, arguing that at that time, Petitioner's motion to renew his Article 78 petition was still pending in the St. Lawrence County Supreme Court, and Petitioner had not yet perfected his appeal from St. Lawrence County Supreme Court's original July 29, 2013, decision granting the motion to dismiss the Article 78 Petition as moot. See Resp. Mem. at 4-7. On December 11, 2013, the Court gave Petitioner an opportunity to respond to the Motion to dismiss. Dkt. No. 12.

On January 27, 2014, Petitioner was extradited to Ohio to face charges pending against him in that state. Dkt. Nos. 16; 26-1, Ex. B. The Court granted Petitioner several extensions of time to

5

file his response in opposition to Respondent's Motion to dismiss. Dkt. Nos. 15; 18; 23. The Court also granted Petitioner's request for copies of the Motion to dismiss and the Petition. Dkt. No. 21.

On May 30, 2014, Petitioner filed a submission opposing Respondents' Motion. Pet. Decl. Petitioner stated that the St. Lawrence County Supreme Court denied his Motion to renew in December 2013, and conceded that he did not perfect his appeal from that court's July 29, 2013, order dismissing his Article 78 petition. Id. at 5-7. Petitioner argued that when he was extradited to Ohio, he was given limited library access to litigate claims arising only from 42 U.S.C. § 1983, and he was not permitted to take any of his legal papers with him. Id. at 2-4. Petitioner also stated that the "statutory time limit" to perfect his appeal expired, and that his failure to perfect his appeal was caused by a "denial of access to courts" by virtue of his transfer to Ohio. Id. at 5-6.

On June 12, 2014, Petitioner filed a change of address notice informing the Court that he has returned to the Riverview Correctional Center. Dkt. No. 25.

On June 13, 2014, Respondents filed a Reply. Reply. Respondents argue that: because Petitioner failed to perfect his appeal by May 1, 2014, his appeal would be deemed abandoned under the Appellate Division, Third Department's Rules of Practice; his claims should therefore be deemed exhausted but procedurally defaulted; Petitioner has failed to show cause for the default and resulting prejudice; and the Petition should be dismissed. Id. at 2-5.

### III. DISCUSSION

Habeas petitions challenging parole decisions are subject to the Antiterrorism and Effective Death Penalty Act's ("AEDPA") exhaustion requirement. Cook v. New York State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003). An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of

6

available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" Jimenez v. Walker, 458 F.3d 130, 149 (2d Cir. 2006) (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)).

A petitioner must satisfy the exhaustion requirement both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in the habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted); Fama v. Comm'r. of Corr. Servs., 235 F.3d 804, 808 (2d Cir. 2000). Finally, the petitioner must have used the proper procedural vehicle so that the state court may pass on the merits of the petitioner's claims. Dean v. Smith, 753 F.2d 239, 241 (2d Cir. 1985); Barton v. Fillion, No. 03-CV-1377, 2007 WL 3008167, at *5 (N.D.N.Y. Oct. 10, 2007).

To exhaust a claim that parole was improperly denied, a petitioner must file an administrative appeal with the Division of Parole's Appeals Unit and, if the appeal is denied, he or she must seek relief in state court pursuant to Article 78. Scales v. New York State Div. of Parole, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005). If the Article 78 petition is denied, the petitioner must appeal that denial to the "highest state court capable of reviewing it." Id. (quoting Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003)).

In this case, the exhaustion requirement has not been met. As Petitioner concedes, he failed to perfect his appeal from the denial of his Article 78 petition in the Appellate Division, Third

7

Department. See Pet. Decl. Nonetheless, the Court must consider whether there is an absence of available state corrective process or whether circumstances exist that render that state court process ineffective to protect Petitioner's rights. 28 U.S.C. § 2254(b)(1)(B)(I), (ii); Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000).[4]

First, there is no evidence in the record that Petitioner was denied access to the courts in New York, or that his efforts to perfect his appeal were improperly thwarted by virtue of his extradition to Ohio. As previously noted, Petitioner was able to communicate with the Court to request extensions of time to file his Reply and to request copies of papers filed in this action. Dkt. Nos. 17; 19; 20; 22. Petitioner has stated no reason why he could not also move for an extension of time in the Appellate Division based upon his extradition.

Additionally, there is still a state proceeding available to Petitioner. Under the Appellate Division, Third Department's Rules, Petitioner had sixty days after the service of his notice of appeal, or until October 1, 2013, to perfect his appeal. N.Y. COMP. CODES R. & REGS. tit. 22, §800.9(a). Petitioner's appeal "shall be deemed to have been abandoned" if he failed to "serve and file a record and brief within nine months after the date of the notice of appeal[.]" Id. § 800.12. As the parties acknowledge, Petitioner did not file his appellate brief within nine months of the date of his notice of appeal, or by May 1, 2014, and his appeal has likely been deemed abandoned. Id.

---

[4] Under AEDPA, in certain circumstances, federal courts have discretion to review and deny on the merits any unexhausted claims that are "plainly meritless," Rhines v. Weber, 544 U.S. 269, 277 (2005), or "patently frivolous," McFadden v. Senkowski, 421 F. Supp. 2d 619, 621 (W.D.N.Y. 2006). Stated another way, unexhausted claims may be reviewed on the merits only if the habeas court is going to deny the entire petition. 28 U.S.C. § 2254(b)(2). For the reasons set forth in this order, the Court declines to exercise discretion pursuant to § 2254(b)(2).

8

> However, § 800.12 also provides that:
>
> [T]he clerk of th[e] [C]ourt shall not accept or file any record or brief attempted to be filed beyond the nine-month period unless directed to do so by order of the [C]ourt. Such an order shall be granted only pursuant to a motion on notice supported by an affidavit setting forth a reasonable excuse for the delay and facts showing merit to the appeal or proceeding.

Id. It is not futile for Petitioner to return to state court to attempt to perfect his appeal by filing the affidavit contemplated under § 800.12. The Third Department ultimately might determine that Petitioner's delay in perfecting his appeal, and his corresponding conduct, constitute abandonment, and that the court might not vacate any finding of abandonment based upon any § 800.12 affidavit filed by Petitioner. Nevertheless, this state court process must be pursued before the Court can find that Petitioner has exhausted available state court remedies.

The Court also declines to stay this action pending exhaustion because there are no exhausted claims presented in Petitioner's Petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005) (stating that when a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, the court may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies). The Court also notes that federal courts should not "be turned into a 'jurisdictional parking lot' for unexhausted claims." Hust v. Costello, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (quoting Baity v. McCary, No. 02 Civ. 1817, 2002 WL 31433293, at *2 (S.D.N.Y. Oct. 31, 2002) (internal citations omitted)).

Finally, Petitioner will not be unduly prejudiced by dismissal of this action. Based upon the information in the Petition, the timeliness of any subsequent habeas petition under the AEDPA appears not to be a concern. 28 U.S.C. § 2244(d); Foster v. Spitzer, No. 07-CV-0103, 2007 WL 1531904, at *2 (N.D.N.Y. May 24, 2007). If Petitioner's claims are unsuccessful in state court, a

9

subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this Petition is being dismissed for failure to exhaust and not on the merits. Burton v. Stewart, 549 U.S. 147, 155 (2007) (citing Slack v. McDaniel, 529 U.S. 473, 478 (2000)).

IV. **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Respondents' Motion (Dkt. No. 11) to dismiss the Petition without prejudice for failure to exhaust available state court remedies is **GRANTED**; and it is further

**ORDERED**, that Respondents' alternative Motion (Dkt. No. 9) to stay the Petition is **DENIED**; and it is further

**ORDERED**, that the Court makes no determination regarding the merits of any of the claims raised in the Petition; and it is further

**ORDERED**, that no certificate of appealability shall issue; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: July 16, 2014
Albany, NY

Lawrence E. Kahn
U.S. District Judge